[631 NYS2d 373]

In the Matter of MICHAEL H. WEISSER (Admitted as MICHAEL HARRIS WEISSER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 1995

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Nancy Bolger* of counsel), for petitioner.

*Michael H. Weisser,* North Miami Beach, Florida, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of Florida, dated June 9,

1988, the respondent was suspended from the practice of law for a period of six months for his failure to act with reasonable diligence in his representation of certain clients. Thereafter, the respondent resumed the practice of law without seeking reinstatement. The Florida Bar filed a petition for rule to show cause requesting entry of a contempt order against respondent and seeking his disbarment. Thereafter, without admitting any misconduct, the respondent voluntarily resigned from the Florida Bar. By order of the Supreme Court of the State of Florida, dated May 9, 1991, the proffered resignation was approved with leave to apply for readmission after a period of three and one-half years, retroactive to July 8, 1988.

On May 17, 1995, the respondent was personally served with a notice pursuant to 22 NYCRR 691.3 (b), informing him of his right to impose certain enumerated defenses to the imposition of discipline in New York. In his answer dated June 1, 1995, the respondent did not assert any of the enumerated defenses nor demand a hearing but requested that the petition to impose discipline upon him in New York, pursuant to 22 NYCRR 691.3, be dismissed. The respondent attacked the constitutionality of the Florida judgment and intimated that the imposition of discipline by this Court would be unjust. In his Florida resignation, the respondent merely stated that he was the subject of several Bar matters to which he filed responses alleging his innocence. The respondent allegedly consulted several Florida attorneys who quoted a prohibitive fee. For that reason, he opted to not contest the Florida charges.

Under the circumstances of this case, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that the respondent, Michael H. Weisser, is censured for his misconduct.